

FILED
JAMES BONINI
CLERK

07 SEP 11 PM 1:48

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>   Plaintiff,<br><br>  v.<br><br><br>THE ALPHA GROUP OF DELWARE, INC.,<br><br><br>   Defendant. | CIVIL ACTION NO.<br><br>**2:07 cv 913**<br><br>JUDGE SARGUS<br><br>MAGISTRATE JUDGE ABEL<br>**COMPLAINT AND**<br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. §2000e, et seq), ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female, and retaliation for having engaged in activity protected by Title VII, and to provide appropriate relief to DeAntha Groff and similarly situated individuals who were adversely affected by such practices.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f) (1) and (3)

and 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f) (1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Employer, The Alpha Group of Delaware, Inc. ("The Alpha Group") has continuously been an Ohio corporation doing business in the State of Ohio and City of Delaware, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701 (b), (g) and (h) of Title VII, 42 U.S.C. § 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, DeAntha Groff filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 1st of 2005, Defendant Employer has engaged in unlawful employment practices at its Columbus, Ohio, facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2 (a)(1). The alleged unlawful practices include, but are not limited to:

    a) Defendant Employer hired Joe Leonard to the position of CEO in May of 2005, a position which DeAntha Groff had also sought.

    b) Following his hire, DeAntha Groff and similarly situated females were subjected to sex based harassment by Leonard.

    c) From approximately August 1, 2005 through September 26, 2005, Joe Leonard subjected DeAntha Groff and other females to unwanted, offensive, sexually suggestive comments and behavior.

    d) Leonard engaged in intimidating, condescending behavior toward females which he did not display to male employees.

8. Since at least September of 2005, Defendant has engaged in unlawful retaliation in violation of Section 704(a) of Title VII. The unlawful practices include, but are not limited to the following:

    e) In or about late August of 2005, DeAntha Groff received complaints of sex discrimination concerning Leonard's illegal, sex based workplace behavior which she presented to Defendant's Board of Trustees.

    f) In early September of 2005, DeAntha Groff informed Defendant's Board members of the complaints against Leonard.

    g) After she complained about Leonard's illegal behavior, Leonard retaliated against Ms. Groff by giving her the first negative performance rating of

her career at the company. Defendant further stripped Ms. Groff of her job title and removed all employees who had been under her supervision.

h)   Defendant employer further retaliated against Ms. Groff by terminating her employment shortly after she renewed her complaints of discrimination with the Board of Trustees.

9.   The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive DeAntha Groff and similarly situated employees of equal employment opportunities and otherwise adversely affect their status as employees due to impermissible considerations of their female sex, and due to Ms. Groff's participation in activities protected by Title VII.

10.  The unlawful practices complained of above were intentional.

11.  The unlawful employment practices complained of above were undertaken with malice and/or reckless indifference to the federally protected rights of DeAntha Groff and similarly situated individuals.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating against individuals by the implementation of practices and policies which discriminate on the basis of sex, female and in retaliation for having engaged in activities protected by Title VII.

B.   Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for women and persons who have availed themselves of Title VII protected activities and which eradicate the effects of its past and

4

present unlawful employment practices.

C. Order Defendant Employer to make whole DeAntha Groff and any aggrieved individuals by providing appropriate back pay and front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole DeAntha Groff, and any aggrieved individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 8 above, including but not limited to out of pocket losses in amounts to be determined at trial.

E. Order Defendant Employer to make whole DeAntha Groff by providing compensation for non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 through 8, above, including emotional pain, suffering, loss of enjoyment of life and humiliation, in amounts to be proven at trial.

F. Order Defendant Employer to pay DeAntha Groff and any aggrieved individuals punitive damages for its malicious and reckless conduct described in paragraphs 7 through 8, above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
GENERAL COUNSEL
Washington, D.C.

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN Y. REAMS
ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

Jacqueline McNair
Regional Attorney
Philadelphia District Office
Philadelphia, PA

C. Larry Watson
Associate Regional Attorney
Registration No. 0031443
larry.watson@eeoc.gov

Donna L. Williams-Alexander
Senior Trial Attorney
Registration No. 0037838

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Cleveland Field Office
Anthony J. Celebrezze Office Building
1240 East Ninth Street, Suite 3001
Cleveland, Ohio 44199
(216) 522-7454
(216) 522-7430 fax
donna.williams-alexander@eeoc.gov

6