UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| THE ALPHA GROUP OF DELAWARE, INC. | ) ) |
| Defendant. | ) |

Civil Action No. C2-07-913

## CONSENT DECREE

### INTRODUCTION

A.  This action was instituted by the United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") on September 11, 2007, against The Alpha Group of Delaware, Inc. ("The Alpha Group" or "Defendant") under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII"). The EEOC alleged that The Alpha Group discriminated against its former employee, DeAntha Groff, and similarly situated females on the basis of their sex, female, by subjecting them to a sexually hostile work environment. The Commission further alleged that Defendant retaliated against DeAntha Groff and similarly situated females for their participation in activities protected by Title VII. In response to the Complaint filed by the EEOC, Defendant filed an Answer

specifically and categorically denying the substantive allegations and claims asserted by the EEOC, and raising various defenses.

B. In the interest of resolving this matter, and as a result of having engaged in comprehensive negotiations, the EEOC and the Defendant (the "Parties") have agreed that this action should be finally resolved by entry of this Decree. This Decree and compliance with this Decree shall not be construed as an admission by Defendant of any liability, or as an admission by Defendant of any violation of the rights of any person; or violation of any order, law, statute, duty or breach of any contract or any act of discrimination against any person. Instead, Defendant specifically denies engaging in any wrongful or unlawful acts and is entering this Decree solely for the purpose of avoiding the time and expense involved in defending the claims alleged in this Civil Action.

C. This Consent Decree is entered into by the EEOC and Defendant. This Consent Decree shall be final and binding between the EEOC and Defendant, its directors, officers, agents, employees, successors or assigns and all persons in active concert or participation with it, (hereinafter collectively referred to as "Defendant").

D. The Commission and Defendant agree to the entry of this Decree, which shall fully and finally resolve all claims which were raised by the EEOC in Civil Action No.C2-07-913, including back pay, front pay, non-pecuniary compensatory damages, liquidated damages, pre-judgment and post-judgment, interest, injunctive relief, attorney's fees and costs arising out of or relating to said Civil Action. This Consent Decree shall not constitute an adjudication of or finding on the merits of the case and shall not be construed as a violation of Title VII by Defendant.

## ORDER

Upon consent of the parties to this action, it is hereby ORDERED, ADJUDGED and DECREED that:

### NON-DISCRIMINATION AND NON-RETALIATION

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Defendant is enjoined for the duration of this Decree from engaging in any employment practice which constitutes unlawful discrimination under Title VII. Specifically, Defendant is enjoined from creating, fostering or tolerating a work environment which discriminates based on sex.

3. Defendant is enjoined from engaging in any employment practices which retaliate in any manner against any person, including but not limited to, DeAntha Groff, Jane Hanna, Beth Breece, Donna Cackler or any other person, because of that person's opposition to any practice alleged or believed to be unlawful under Title VII, or because of the filing of a charge, the giving of testimony or assistance, or the participation in any manner in any investigation, hearing or proceeding under Title VII.

4. Defendant shall not divulge, directly or indirectly, except as required by law, or in response to a lawful subpoena or other legal process, to any employer or potential employer of DeAntha Groff, Jane Hanna, Beth Breece, and Donna Cackler, any of the facts or circumstances related to the charge of discrimination against Defendant, or any of the events relating to their participation in the litigation of this matter.

5. Defendant shall expunge from the personnel files of DeAntha Groff, Jane Hanna, Beth Breece, and Donna Cackler any documents, pleadings, correspondence and related papers pertaining to the charge of discrimination filed by DeAntha Groff with the Commission.

6. Defendant shall comply fully with all provisions of Title VII for the duration of this Decree. Nothing in this Decree, either by inclusion or exclusion, shall be construed to limit the obligations of Defendant under Title VII or the EEOC's authority to process or litigate any charge of discrimination which may be filed against Defendant in the future.

## MONETARY RELIEF

### DeAntha Groff

7. Without admitting liability, and instead, expressly denying any liability, Defendant agrees to pay the gross sum of one hundred and fifty thousand dollars ($150,000.00) to or on behalf of DeAntha Groff in full settlement of the claims against Defendant which were raised in the Commission's Complaint.

    a. One check in the gross amount of $150,000.00 will be made payable to DeAntha Groff as and for alleged non-pecuniary compensatory damages related to the claims at issue in this litigation. Said check shall be delivered to DeAntha Groff by certified mail, within ten (10) days of Defendant's receipt of Ms. Groff's executed Release of Claims arising out of this litigation.

    b. Defendant will mail a photocopy of the check issued to Deantha Groff to the EEOC, to the attention of Donna L. Williams-Alexander, Trial Attorney, EEOC, within five (5) days of issuance to DeAntha Groff. In the event that Defendant does not make the payment as designated in the manner set forth in this Paragraph, the Court will enter a judgment for the entire amount remaining due, plus attorneys' fees, costs, and interest to be paid at the legal rate, compounded daily.

### Jane Hanna

8. Without admitting liability, and instead, expressly denying any liability, Defendant agrees to pay the sum of three thousand, three hundred and thirty-three dollars and

4

thirty-three cents ($3,333.33) to or on behalf of Jane Hanna in full settlement of the claims against Defendant which were raised in the Commission's Complaint.

>   a. One check in the gross amount of $3,333.33 will be made payable to Jane Hanna as and for alleged non-pecuniary compensatory damages related to the claims at issue in this litigation. Said check shall be delivered to Jane Hanna by certified mail within ten (10) days of Defendant's receipt of Ms. Hanna's executed Release of Claims arising out of this litigation.
>
>   b. Defendant will mail a photocopy of the check issued to Jane Hanna to the EEOC, to the attention of Donna L. Williams-Alexander, Trial Attorney, EEOC, within five (5) days of issuance to Jane Hanna. In the event that Defendant does not make the payment as designated in the manner set forth in this Paragraph, the Court will enter a judgment for the entire amount remaining due, plus attorneys' fees, costs, and interest to be paid at the legal rate, compounded daily.

### Beth Breece

9. Without admitting liability, and instead, expressly denying any liability, Defendant agrees to pay the sum three thousand, three hundred and thirty-three dollars and thirty-three cents ($3,333.33) to or on behalf of Beth Breece in full settlement of the claims against Defendant which were raised in the Commission's Complaint.

>   a. One check in the gross amount of $3,333.33 will be made payable to Beth Breece as and for alleged non-pecuniary compensatory damages related to the claims at issue in this litigation. Said check shall be delivered to Beth Breece by certified mail within ten (10) days of Defendant's receipt of Ms. Breece's executed Release of Claims arising out of this litigation.

b. Defendant will mail a photocopy of the check issued to Beth Breece to the EEOC, to the attention of Donna L. Williams-Alexander, Trial Attorney, EEOC, within five days of issuance to Beth Breece. In the event that Defendant does not make the payment as designated in the manner set forth in this Paragraph, the Court will enter a judgment for the entire amount remaining due, plus attorneys' fees, costs, and interest to be paid at the legal rate, compounded daily.

### Donna Cackler

10. Without admitting liability, and instead, expressly denying any liability, Defendant agrees to pay the sum of three thousand, three hundred and thirty-three dollars and thirty-three cents ($3,333.33) to Donna Cackler in full settlement of the claims against Defendant which were raised in the Commission's Complaint.

    a. One check in the gross amount of $3,333.33, will be made payable to Donna Cackler as and for alleged non-pecuniary compensatory damages related to the claims at issue in this litigation. Said check shall be delievered to Donna Cackler by certified mail within ten (10) days of Defendant's receipt of Ms. Cackler's executed Release of Claims arising out of this litigation.

    b. Defendant will mail a photocopy of the check issued to Donna Cackler to the EEOC, to the attention of Donna L. Williams-Alexander, Trial Attorney, EEOC, within five days of issuance to Ms. Cackler. In the event that Defendant does not make the payment as designated in the manner set forth in this Paragraph, the Court will enter a judgment for the entire amount remaining due, plus attorneys' fees, costs, and interest to be paid at the legal rate, compounded daily.

## POSTING OF NOTICE

11. Within ten (10) business days after entry of this Decree, or as soon as practicable, thereafter, but no later than thirty (30) business days thereafter, Defendant agrees to post same-sized copies of the Notice attached as Exhibit 1 to this Decree, on bulletin board(s) located at its Delaware, Ohio, location, normally used by Defendant for communicating with employees. The notice shall remain posted for one year from the date of entry of this Decree. Counsel for Defendant shall provide a copy of the Notice, and an indication of the date and location(s) of its posting(s), to the EEOC's Cleveland Field Office, attention: Donna L. Williams-Alexander, within ten (10) days of the posting(s). Defendant shall permit a representative of the EEOC to enter Defendant's Delaware, Ohio premises for purposes of verifying compliance with this Paragraph at any time during normal business hours. Defendant shall take all reasonable steps to ensure that the posting(s) are is not altered, defaced or covered by any other material. Should the posted notice(s) become defaced, removed, marred, or otherwise illegible, Defendant agrees to as soon as practicable post a legible copy in a manner as described herein.

## NON-DISCRIMINATION AND ANTI-HARASSMENT POLICIES AND COMPLAINT PROCEDURES

12. Defendant agrees to maintain and enforce written policies concerning sex discrimination, harassment and retaliation that conform with applicable law as follows:

    a. The policies should be drafted in plain and simple language, stating a strong commitment to a work place free of sex discrimination, harassment and retaliation, or other violation of Title VII;

    b. The policy should make clear that a failure to follow Defendant's policies against unlawful sex discrimination, harassment and retaliation will not be tolerated;

7

c.  The policy should contain a complaint procedure advising employees to come forward with complaints regarding violations of the Defendant's policies against discrimination, harassment and retaliation, and identify appropriate individual(s) to whom employees may report complaints about unlawful sex discrimination, harassment or retaliation. The policy should also provide assurances that complainants will not be subjected to retaliation and provide an assurance of non-retaliation for persons who report their belief that they have been subjected to unlawful sex discrimination, harassment or retaliation;

d.  The policy should provide employees assurance that Defendant will investigate all allegations of unlawful discrimination, harassment and retaliation; and

e.  The policy should provide for consequences up to and including discharge of an employee or supervisor or manager who violates the policy.

13. The aforementioned policy shall be distributed to all of Defendant's employees not already in possession of it, at its Delaware, Ohio location, within 90 days after entry of this Decree. Defendant will distribute said policy to all newly hired individuals within a reasonable time after their hire.

14. Within ninety (90) days after entry of this Decree, Defendant agrees to advise Donna L. Williams-Alexander, Trial Attorney, EEOC, that its policy or policies against sex discrimination, harassment and retaliation have been distributed to current employees either in written or electronic form and that new employees will receive these policies and an opportunity to acknowledge receipt. Defendant will retain copies of any acknowledgment of receipt form for an employee in the employee's personnel file.

15. Defendant agrees that it will, annually, for the duration of the Decree, send a copy of its policy or policies against discrimination, harassment and retaliation to its employees either in written or electronic form.

## MANAGEMENT ACCOUNTABILITY

16. For the duration of this Decree, Defendant shall promote management and/or supervisor accountability concerning sex discrimination, harassment and retaliation prohibited under Title VII by the following conduct:

>a. Providing mandatory annual anti-discrimination training to all of its supervisory and managerial personnel as set forth in Paragraph 17;
>
>b. Disciplining, up to and including discharge, any supervisor or manager who violates Defendant's policy or policies against sex discrimination, harassment or retaliation for engaging in protected activity under Title VII;
>
>c. Imposing on all managers and supervisory personnel a duty to administer their work areas to ensure compliance with Defendant's policy or policies against sex discrimination, harassment or retaliation for engaging in activity protected under Title VII; and
>
>d. Requiring all managers and supervisors to report any incidents and/or complaints of sex discrimination harassment or retaliation for engaging in activity protected under Title VII of which they become aware to the appropriate responsible person identified in Defendant's policies and procedures regarding same.

## TRAINING

17. For the duration of this Decree, Defendant agrees to provide live training regarding an employee's rights under Title VII, and the employer's obligations under Title VII, with an emphasis on the subject of unlawful sex discrimination in the workplace; how to keep

Defendant's workplace free of such forms of discrimination, and what constitutes unlawful retaliation on the following terms:

      a. Defendant agrees to provide such training sessions to all of its employees, managers and supervisors who work at its Delaware, Ohio location by conducting a live training seminar each year;

      b. During each training session, an upper management employee will make a statement regarding the consequences for engaging in unlawful sex discrimination, harassment and retaliation and emphasize Defendant's commitment to the prevention of unlawful sex discrimination, harassment and retaliation under Title VII; and

      c. The first training session shall take place within (6) six months of entry of this Decree and thereafter, annually for the duration of this Decree.

18. Defendant agrees to provide the EEOC with copies of pamphlets, brochures, outlines or other written materials provided to the participants of the training sessions.

19. Defendant agrees to notify EEOC Attorney Donna L. Williams-Alexander, in writing within fifteen (15) business days after the training sessions have occurred, that the training has taken place and that the required personnel have attended. Such notification shall include: (i) the dates, location and duration of the training session; (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance; and (iii) a listing of all current employees, including temporary employees, as of the date of the training.

## RECORD KEEPING

20. For a period of five (5) years following entry of this Decree, Defendant shall maintain and make available for inspection and copying by the Commission, records of each complaint of any incident of sex discrimination, harassment and retaliation made by any

10

employee at its Delaware, Ohio location. Defendant shall maintain a summary of each complaint report including the date the complaint was made, the name of the complainant, the allegations contained in the complaint, and any corrective action Defendant took in response to the complaint.

21. Defendant shall make all documents or records referred to in Paragraph 20, above, available for inspection and copying within fifteen (15) business days after the EEOC so requests. In addition, Defendant shall make available for interview all persons within its employ whom the EEOC reasonably requests for purposes of verifying compliance with this Decree and shall permit a representative of the Commission to enter Defendant's Delaware, Ohio premises for such purposes with reasonable advance notice by the EEOC to Defense counsel of record.

22. Nothing contained in this Decree shall be construed to limit any obligation Defendant may otherwise have under Title VII or any other law or regulation.

## REPORTING

23. Defendant shall furnish to the EEOC the following written reports annually for a period of five (5) years following entry of this Decree. Each such report shall contain:

   a. A summary of the information recorded by Defendant pursuant to Paragraph 20, including the name of the complainant, the allegations made by the complainant and the action taken by Defendant in response to the complaint; and

   b. A certification by Defendant that the Notice required to be posted in Paragraph 11, above, remained posted during the entire period required.

## DISPUTE RESOLUTION

24. In the event that the EEOC believes that Defendant has failed to comply with any provision of this Decree, the EEOC shall notify counsel of record for Defendant, of the alleged

non-compliance within twenty (20) days of the alleged non-compliance and shall afford Defendant twenty (20) business days to remedy the non-compliance or to satisfy the EEOC that the alleged non-compliance has been rectified. If the alleged non-complying party has not remedied the alleged non-compliance within twenty (20) business days, the complaining party may apply to the Court for appropriate relief.

## MISCELLANEOUS PROVISIONS

25. Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

26. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of Defendant in their capacities as representatives, agents, directors and officers of Defendant, and not in their individual capacities. This Paragraph shall not be construed as placing any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Decree.

27. This Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. C2-07-913.

28. This Consent Decree shall be filed in the United States District Court for the Southern District of Ohio and shall continue to be in effect for a period of five (5) years.

29. The Court retains jurisdiction over this case in order to enforce the terms of the Consent Decree for its duration.

30. This Decree shall expire by its own terms at the end of five (5) years from the date of entry, without further action by the Parties.


Equal Employment Opportunity
Commission

James L. Lee
Deputy General Counsel

The Alpha Group of Delaware

*Barbara K Letcher*

by Barbara K. Letcher

12

Gwendolyn Young Reams
Associate General Counsel
Washington, D.C.

_____
Deborah Lawrence
Acting Regional Attorney

_____
Judith O'Boyle
Supervisory Trial Attorney

_____
Donna L. Williams-Alexander (0037838)
Senior Trial Attorney
E.E.O.C.
Cleveland Field Office
Anthony J. Celebreze Federal Building
1240 East Ninth Street, Suite 3001
Cleveland, Ohio 44199

_____ 3-20-2009
JUDGE EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT COURT

## EXHIBIT 1

## NOTICE TO ALL THE ALPHA GROUP OF DELAWARE, INC. EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court, Southern District of Ohio in EEOC v. The Alpha Group of Delaware, Inc., Civil Action Number C2-07-913, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against The Alpha Group of Delaware, Inc. ("The Alpha Group").

Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq., as amended, ("Title VII"), prohibits discrimination against employees and applicants for employment based upon race, color, sex, religion or national origin. Title VII further prohibits retaliation against employees or applicants who avail themselves of their rights under Title VII by engaging in protected activities, such as opposing employment practices believed to be discriminatory, filing a charge of discrimination and/or testifying or participating in a Commission investigation. The EEOC is a federal agency which investigates charges of unlawful employment discrimination. The EEOC has authority to bring lawsuits in Federal Court to enforce Title VII.

In its lawsuit, the EEOC alleged that Defendant engaged in sex discrimination against a number of female employees by the creation and maintenance of a sexually hostile environment. The Commissioin also alleged in its Complaint that The Alpha Group took retaliatory action against at least one employee for her acts in filing a charge of discrimination and and by openly opposing what she perceived to be unlawful sex discrimination at the company. The Alpha Group denied engaging in these or any other wrongful or unlawful acts.

To resolve the case, The Alpha Group and the EEOC have entered into a Consent Decree which provides, among other things, that: (1) The Alpha Group provide monetary relief to aggrieved individuals; (2) that The Alpha Group will not discriminate on the basis of sex; (3) that The Alpha Group will not retaliate against any person because she or he has opposed any practice made unlawful by Title VII, filed a charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree; and (4) The Alpha Group will train all employees at its Delaware, Ohio location, concerning the federal laws prohibiting sex discrimination, harassment, unlawful retaliation and the Company's policies on these matters.

If you believe you have been discriminated against, you may contact the EEOC at (216) 522-7454. The EEOC charges no fees and has employees who speak languages other than English.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for (1) one year from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to the: Associate Regional Attorney, EEOC Cleveland Field Office, AJC Federal Office Building, 1240 East Ninth Street, Suite 3001, Cleveland, Ohio 44199.

By: _____  
For: Equal Employment Opportunity Commission  
Date: _____

By: _____  
For: The Alpha Group of Delaware, Inc.  
Date: _____

14

## EXHIBIT 2

## RELEASE BY CLAIMANT

Pursuant to the terms of the Consent Decree entered into by the Equal Employment Opportunity Commission ("EEOC") and The Alpha Group of Delaware, Inc., in the above-captioned case, I, _____, do hereby waive, remit, release and forever discharge The Alpha Group of Delaware, Inc., its subsidiary companies, and any and all of the officers, directors, agents, employees, and members of such entities from any and all claims, demands or causes of action under Title VII, arising from any right or entitlement now existing until the date of execution of this Release, for facts arising from or allegations made in <u>EEOC v. The Alpha Group of Delaware, Inc.</u>, Civil Action No.C2-07-913, based on claims of discrimination, occurring prior to this date. This Release is freely executed in return for the good and valuable consideration set forth in the above-referenced Consent Decree.

Date:_____, 2009    SIGNATURE:_____